UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRAXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-01565 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, who is incarcerated and proceeding *pro se*, initiated this matter on May 15, 2023, by filing, *inter alia*, a complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. He failed, however, to submit a full six-month trust accounting from his facility, in accordance with 28 U.S.C. § 1915(a)(2). *See* Order, ECF No. 5. Accordingly, on June 7, 2023, the court provided him with a 30-day extension to submit the required financial information. *See id*. at 2.

On June 30, 2023, plaintiff filed a motion, ECF No. 6, requesting that his IFP application and trust account statement that he previously submitted in another civil case be "shared collectively" in his other active cases in this District, including the instant matter. On July 6, 2023, the court denied plaintiff's motion, noting that it was plaintiff's responsibility to file an IFP application and his trust accounting in each of his respective cases. *See* Minute Order (entered July 6, 2023).

On July 25, 2023, after plaintiff's 30-day extension to file his financial information had elapsed, the court dismissed this matter without prejudice for non-compliance. *See* Order, ECF No. 9. The court denied plaintiff's motion to reopen, ECF No. 10, on October 2, 2023, *see* Order,

ECF No. 14. In the meantime, plaintiff appealed the dismissal to the United States Court of Appeals for the District of Columbia Circuit. *See* Notice of Appeal, ECF No. 11.

After reviewing the parties' respective briefs, the D.C. Circuit determined that plaintiff persuasively argued that his current facility, the D.C. Central Detention Facility ("CDF"), refused to provide him with a certified prisoner trust account report, *see* Mandate, ECF No. 19, based in large part based on defendant's briefing regarding the difficulties caused by CDF, borne out of CDF's purported "unfamiliarity . . . with the Court's form[,]" *see* Appeal No. 23-5221, at Doc. No. 205538, Appellee's Response (filed May 20, 2024) ("Resp."). Accordingly, on September 4, 2024, the D.C. Circuit reopened the matter and remanded it to this court, directing it to "consider the report attached to the government's response in determining whether appellant may proceed *in forma pauperis* in the case underlying this appeal." Mandate at 1.

Given the mandate by the D.C. Circuit, *see id*. at 1, this court hereby vacates the dismissal order issued on July 25, 2023, and finds that, based on the certified six-month trust accounting attached to defendant's response, *see* Resp. Exhibit 1, that plaintiff may indeed proceed *in forma pauperis* in this matter, and the court grants him leave to do so. Notwithstanding, upon review of the complaint, this case shall be dismissed without prejudice.

In the complaint, plaintiff asks this court to intervene in decisions rendered by the Superior Court of the District of Columbia and the District of Columbia Court of Appeals. *See* Compl. at 1. He contends that the local D.C. courts have violated his constitutional rights, *see id.* at 1, alleging that myriad wrongdoing occurred throughout the course of his criminal proceedings, resulting in a conviction after a jury trial on April 12, 2023. *See id.* at 2–3 (citing *United States v. Braxton*, No. 2017-CF1-018884 (D.C. Super. Ct. filed Nov. 6, 2017)). More specifically, he alleges that the trial court mistreated him, admitted improper evidence and testimony, improperly

excluded his own testimony and evidence, and deprived him of "conflict free legal assistance." *See id.* at 2–7.  Plaintiff further alleges that he was unable to adequately prepare for legal proceedings, was unfairly restricted from access to his son, and that he was a victim of prosecutorial misconduct, ineffective assistance of counsel, and a prejudiced jury.  *See id.* at 2–7. Plaintiff asks this court to "grant [him] an acquittal," *see id.* at 4, 6–7, or alternatively provide him with a new trial, *see id.* at 7, because he "do[es] not feel safe relying" on the local D.C. courts to provide him with such relief, *see id*. at 1.  He further requests that this court modify the existing custody arrangement and remove his son from his mother's custody.  *See id.* at 2, 5–8.

Plaintiff has failed to establish subject matter jurisdiction.  *See generally* 28 U.S.C. §§ 1331, 1332.  First, as a general rule, this court lacks jurisdiction to review the decisions or to enjoin the actions of the Superior Court or the D.C. Court of Appeals.  *See Richardson v. D.C. Ct. of Appeals,* 83 F.3d 1513, 1514 (D.C. Cir. 1996) (relying on *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (same).

To that same end, the domestic relations exception generally deprives a federal district court of the "power to issue divorce . . . and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to modify existing child support obligations or custody determinations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction to "resolve parental conflicts over the custody of . . . children").  State custody determinations must be contested in the local court where the proceedings were held.  *See Bennett*, 682 F.2d at 1042–43 (explaining that child custody issues are uniquely suited to resolution in local courts).

Second, insofar as Plaintiff challenges the constitutionality of his criminal trial and the resulting conviction, he may not do so in this court. Unlike prisoners challenging state or federal convictions, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (cleaned up).

The local remedy, D.C. Code § 23-110, "establishe[s] a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wish[ ] to challenge their conviction or sentence." *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). As relevant here,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The remedy is "not a procedural bar to otherwise available federal habeas claims; it is Congress's deliberate channeling of constitutional collateral attacks on Superior Court sentences to courts within the District's judicial system (subject to Supreme Court review), with federal habeas available only as a safety valve." *Ibrahim v. United States*, 661 F.3d 1141, 1146 (D.C. Cir. 2011) (emphasis omitted).

Put simply, D.C. Code § 23-110(g) "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). Such claims include "the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution . . . [or] (4) the sentence is otherwise subject to collateral attack." D.C. Code § 23-110(a); *see Saunders v. United States*, 72 F. Supp. 3d 105, 108-09 (D.D.C. 2014) (claims arising from alleged trial error may be "raised in the Superior Court by motion under § 23-110," and collecting cases).

Here, Plaintiff makes broad accusations regarding the propriety of the local courts, and has failed to show that his local remedy was ineffective; indeed, he has not even alleged that he has yet sought relief pursuant to D.C. Code § 23-110.

Accordingly, the complaint, ECF No. 1, and this case, are hereby **DISMISSED** without prejudice.  *See* Fed. R. Civ. P. 12(h)(3).  An accompanying order is issued separately.

Date:  October 2, 2024                         _____/s/_____
                                                                JIA M. COBB
                                                         United States District Judge